c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MONICA JOHNSON, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-01472 |
| VERSUS | JUDGE DRELL |
| WILLIAM E. HILTON, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Reasonable Attorney's Fees ("Motion for Fees") (ECF No. 76) filed by non-party Jennifer Gordon ("Gordon"). Gordon seeks $660.00 in attorney's fees under Fed. R. Civ. P. 45 for an improper subpoena served on her. ECF No. 76 at 1. Defendants Sheriff William E. Hilton, Sheriff of Rapides Parish, Will George, Cassie Saucier, and Mark Parker (collectively, "Defendants") oppose in part.

Under Fed. R. Civ. P. 45(d)(1), parties issuing subpoenas have a duty to take reasonable steps to avoid imposing undue burden or expense on responding persons. Sanctions may be imposed when such steps are not taken.

Defendants served Gordon with a subpoena for a second deposition with three-days' notice, and failed to obtain leave of court for her second deposition under Fed. R. Civ. P. 30(a)(2)(A)(ii). Defendants failed to take reasonable steps under Fed. R. Civ. P. 45(d)(1) to avoid imposing undue burden or expense on Gordon. Therefore, Gordon's Motion for Attorney's Fees (ECF No. 76) is GRANTED IN PART.

1

Mr. William Most ("Most"), Gordon's attorney, filed an affidavit seeking a total of $660.00 for 2.4 hours of work. ECF No. 76-8 at 1-3. Most seeks an hourly rate of $275.00. *Id.* at 2. Defendants oppose the proposed hourly rate and number of hours, and tendered $175.00 to Most for one hour of work. ECF No. 84 at 4-5.

In fixing reasonable attorney's fees, the Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate to be assigned each hour. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 32-24 (5th Cir. 1995). Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Adams v. City of New Orleans*, No. CIV. A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015).

Attorneys' fees awards in this district include: $160.00 (*Pitre v. City of Eunice*, No. 6:14-CV-02843, 2015 WL 4459964 (W.D. La. July 21, 2015)); $275.00 (*Dugas v. Mercedes-Benz USA, L.L.C.*, No. 6:12-CV-02885, 2015 WL 1198604 (W.D. La. March 16, 2015)); $225.00 (*Campbell v. Harold Miller, Jr. Trucking & Paving, L.L.C.*, No. 6:13-CV-02840, 2014 WL 6389567 (W.D. La. Nov. 13, 2014)); and $200.00 and $185.00 (*Cash v. Unocal Corp.*, No. 6:04-CV-01648, 2014 WL 2980589 (W.D. La. May 27, 2014)). Gordon's suggested hourly rate of $275.00 is within the range of rates normally awarded in this community, but on the very highest end of this range. An adjustment to a rate of $225.00 is warranted.

A review of the record shows that Most filed this motion (ECF No. 76) and a Motion for Protective Order (ECF No. 80) on January 27, 2020. He also filed replies

(ECF Nos. 86, 87) to Defendants' oppositions (ECF Nos. 83, 85). And he filed a Notice of Mootness of Motion for Protective Order (ECF No. 99). However, Most asserts he performed the following work: call with Jennifer (.1); getting up to speed on Jennifer's case, prepare for motion to quash (.9); prepare memorandum in support, motion, proposed order (.7); prepare and send letter to Brad Calvit (.2); respond to Brad Calvit's request for justification of fees (.1); prepare motion for attorney's fees, memorandum in support, declaration in support (.3); and finalize and file motion for fees (.1). ECF No. 76-8 at 2-3.

Most's affidavit indicates he performed 2.4 hours of billable work for Gordon. *Id.* at 2. The motions filed by Most were substantially similar and overlapping. ECF Nos. 76, 80. However, based on a review of the record and affidavit, the Court finds that 2.4 billable hours is reasonable. When that figure is multiplied by the prevailing rate, the lodestar is $540.00. However, the record reveals a lack of evidence as to adequate billing judgment. Thus, Gordon's Motion for Attorney's Fees (ECF No. 76) is DENIED IN PART.

The Court must determine whether the total number of hours claimed for reimbursement are reasonable and "exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). When attorneys submit time reports to the court, the record should evidence "billing judgment." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* When attorneys fail

3

to use billing judgment, the district court may "reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker*, 99 F.3d at 770.

After a careful review of the record, the Court finds that the billable hours should be proportionately reduced by 15%, and thus the total amount of reasonable attorney's fees is $459.00. As noted above, Defendants have already tendered $175.00 to Most. ECF No. 84 at 4-5. Thus, Defendants are HEREBY ORDERED TO REMIT $284.00 to counsel for Gordon within thirty days of the date of this Order.

SIGNED on Wednesday, September 30, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE